O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL FERNANDEZ and CAREY LEE MOISAN,<br><br>                Petitioners,<br><br>    vs.<br><br>CHARLES A. CHUNG, Warden,<br><br>                Respondent. | CASE NO. CV 11-02945 DDP (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

        The Court will dismiss the action summarily because the two petitioners expressly indicate that their sole claim has not already been exhausted in the state courts, as is required for habeas relief.

        Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." More specifically, the Ninth Circuit indicates that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to

exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent moves for such dismissal).

Here, as a preliminary matter, two petitioners improperly are joined in one habeas action. Although the petitioners were joined as co-defendants at trial and as co-appellants on direct appeal, habeas corpus petitions generally are prosecuted by one and only one petitioner.

What requires dismissal here, however, is a different shortcoming. Petitioners raise only one claim, namely that the trial court's sentence violated the terms of their plea bargain. They expressly state that they have not yet presented that claim in the California Supreme Court either on direct review or on state habeas review. *See* Pet. ¶¶ 4, 6. Moreover, the Court takes judicial notice, based on a search of public records at the website http://appellatecases.courtinfo.ca.gov/, that no person with the same name as either petitioner has litigated any action in the California Supreme Court since 1996. (Petitioners were convicted based on negotiated pleas in September 2008. *See* Pet. ¶ 2(d).)

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED: August 31, 2011

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE